UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIE L. WILLIAMS, JR.<br>*Plaintiff,*<br><br>v.<br><br>CARLOS DEL TORO, *et al.*<br>*Defendants.* | No. 1:24-cv-1730-MSN-WEF |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF 14). Upon consideration of the pleadings and for the reasons set forth below, the Court will GRANT the motion and dismiss Plaintiff's complaint.

**I.  BACKGROUND**[1]

**A.  Procedural**

On September 30, 2024, Plaintiff initiated this case by filing a complaint. ECF 1. That same day, Plaintiff filed an amended complaint. ECF 4. On December 10, 2024, the Court granted Defendants' consent motion for extension of time to respond to the complaint. ECF 13. Thereafter, on December 23, 2024, Defendants filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. ECFs 14, 15. Plaintiff opposed the motion to dismiss on January 8, 2025. ECFs 17, 18. On January 17, 2025, Defendants' filed a notice with the Court informing it that Defendants would not be filing any reply in support of their motion. ECF 19.

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of Defendants' Motion to Dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

### B. Factual

Plaintiff Willie L. Williams, Jr. is a former employee of the Department of the Navy ("the Navy"). ECF 4 at 10.[2] Plaintiff was employed as a Network Analyst, and his first line supervisor was Mr. John Speaks. *Id.* Sometime between January 2021 and December 2021, Plaintiff submitted a negative comment about his supervisor on a survey about supervisor performance conducted by the command. ECF 4 at 6. On January 13, 2021, Mr. Speaks met with Plaintiff and indicated he saw Plaintiff sleeping at his desk, but did not discipline or otherwise sanction the Plaintiff for that conduct. ECF 4-25.

On or about May 11 and 12, 2021, the Navy received health records from the Plaintiff indicating he had Carpal Tunnel Syndrome and Cervical Disc Disorders. ECF 4 at 18. On May 23, 2021, Plaintiff requested leave under the Family Medical Leave Act ("FMLA"). *Id.* at 11. Plaintiff's FMLA leave was approved by the Navy. *Id.* However, while on leave from May 2021 to August 2021, clerical errors in Plaintiff's time sheets resulted in the termination of his health benefits, living quarter allowance, post allowance, and post differential. ECF 4 at 7. Plaintiff also alleges that during this time Mr. Speaks did not inform Plaintiff of his rights and responsibilities under the FMLA. ECF 4 at 7.

On or around August 18, 2021, Plaintiff filed an application for workers' compensation for pain in his neck, back, and right-arm and hand. ECF 4 at 7; ECF 4-21. Plaintiff alleges that information included in Plaintiff's application was false. ECF 4 at 7-8. Plaintiff's application was denied for a failure to substantiate his employment-related activities. ECF 4-33 at 2.

---

[2] Refences to page numbers in the Amended Complaint are to the blue page numbers in the header of the document.

Plaintiff filed a formal EEO discrimination complaint against the Navy on September 7, 2021. ECF 4 at 7. Plaintiff allegedly experienced disability and physical discrimination regarding the incorrect coding of his FMLA leave as well as the incident regarding Mr. Speaks catching Plaintiff sleeping at his desk. ECF 4-48. Mr. Travis Reynolds was a Region EEO Specialist assigned to handle Plaintiff's employment discrimination claim. ECF 4 at 15. Plaintiff alleges that the Navy did not fully cooperate in that investigation. *Id.* at 6-7.

At some point, Plaintiff appears to have made a request for disability retirement, which requires that the employee go through a reasonable accommodation process. ECF 4-6. On September 11, 2021, Travis Reynolds certified that no reasonable accommodation had been made for Plaintiff because "accommodation [was] not possible due to severity of medical condition and the physical requirements of the position." ECF 4-7 at 1.

Plaintiff filed a request for reasonable accommodation on November 2, 2021. ECF 4-10. On December 3, 2021, Deputy Director, Equal Employment Opportunity, Department of Navy Office of EEO, Sara Salas, assumed responsibility of processing Plaintiff's reasonable accommodation inquiry. ECF 4-10. On December 6, 2021, the Navy determined that Plaintiff was a qualified individual with a disability. ECF 4-1 at 1. On December 16, 2021, Plaintiff was informed that he could not be accommodated in his position due to medical documentation stating he was unfit for duty and that his limitations were long term, but that he was eligible for reassignment. ECF 4-4.

Finally, the Navy did not issue a Final Agency Decision ("FAD") following the Equal Employment Opportunity Commission's decision regarding Plaintiff's employment discrimination claims. ECF 4 at 10.

To the extent the Court is able to decipher the Amended Complaint, Plaintiff brings allegations of disability discrimination, hostile work environment, and retaliation under the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act of 1973, and the Family and Medical Leave Act ("FMLA"), and claims of fraud and negligence under the Federal Tort Claims Act ("FTCA"). *See generally* ECF 4.[3] Plaintiff brings these claims against both the Secretary of the Department of the Navy and the Secretary of the Department of Labor. He seeks compensatory damages, lost wages, restoration of benefits, medical expenses, punitive damages, and other fees. ECF 4 at 23-24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a moving party to challenge the court's jurisdiction over the subject matter of the complaint. The moving party may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may challenge "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). When analyzing a motion made pursuant to Fed. R. Civ. P. 12(b)(1), the court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). The court may consider evidence extrinsic to the complaint in resolving such factual questions. *Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982).

---

[3] Although discussed in his Opposition to Defendant's Motion to Dismiss, Plaintiff's Amended Complaint does not include a claim under the Administrative Procedure Act. *Compare* ECF 4 *with* ECF 18 at 11. Plaintiff may not add new claims in an Opposition to a motion to dismiss. *Marsh v. Virginia Dep't of Transp.*, No. 6:14-CV-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014).

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) . . . only when a plaintiff has set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 932 (E.D. Va. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And while "a pro se complaint should be liberally construed," a court may not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 933 (citations omitted).

### III.  ANALYSIS

#### A.  Americans with Disabilities Act and Rehabilitation Act Claims.

Plaintiff's Amended Complaint references both the ADA and Rehabilitation Act. *See generally* ECF 4. To the extent Plaintiff attempts to bring a claim against the federal government under the ADA, those claims must be dismissed because the "federal government cannot be sued under the ADA." *Hooker v. Disbrow*, No. 1:16-CV-1588-GBL-JFA, 2017 WL 1377696, at *3 (E.D. Va. Apr. 13, 2017). The ADA "specifically excludes the federal government from its coverage." *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 422 (E.D. Va. 2004); 42 U.S.C. § 12111(5)(B)(i) (stating that the ADA's definition of the term "employer" "does not include ... the United States, [or] a corporation wholly owned by the government of the United States"). Therefore, Plaintiff's claims under the ADA are dismissed.

Plaintiff alleges that Defendants violated the Rehabilitation Act in two ways: 1) by discriminating against him on the basis of his disability, and 2) by retaliating against him for requesting an accommodation.

### 1. Disability Discrimination

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Rehabilitation Act is generally construed to impose the same requirements as the ADA. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999). "To establish a prima facie case for failure to accommodate under the Rehabilitation Act, Plaintiff must show that (i) [he] was an individual with a disability within the meaning of the statute; (ii) Defendant had notice of [his] disability; (iii) with reasonable accommodation, Plaintiff could perform the essential functions of the position; and (iv) Defendant refused to make such accommodation." *McNair v. Spencer*, No. 4:17cv38, 2018 WL 2147515, at *8 (E.D. Va. May 3, 2018) (citing *Edmonson v. Potter*, 118 Fed. App'x 726, 728 (4th Cir. 2004)). Similarly, to show a hostile work environment plaintiff must allege that "(1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." *Katz v. U.S. Dep't of Just.*, No. 1:20-CV-554, 2021 WL 3809034, at *8 (E.D. Va. Aug. 26, 2021) (citations omitted). To establish disability under the Rehabilitation Act, "a plaintiff must prove (1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial." *Perry v. Kappos*, 489 F. App'x 637, 640–41 (4th Cir. 2012) (quotation omitted) (quoting *Heiko v. Colombo Savings Bank*, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006)).

Plaintiff identifies his alleged disabilities as Carpal Tunnel Syndrome and Cervical Disc Disease and describes that these conditions "were developed or exacerbated by prolonged sitting and operating multiple computers" and that the conditions affect "his back, right arm, hand, and neck." ECF 4 at 9. However, that is all Plaintiff says about his alleged disabilities. Plaintiff fails to allege whether or not these conditions "implicate[] at least one major life activity" or whether these conditions create "substantial" limitations. *Kappos*, 489 F. App'x at 640–41. Plaintiff also fails to describe how these conditions affected his ability to perform his job and does not allege whether he could perform the essential functions of his position with or without any reasonable accommodation. *Gwaltney v. DeJoy*, No. 2:23-CV-308, 2024 WL 4122032, at *4 (E.D. Va. Sept. 5, 2024). Plaintiff's "generalized grievances about the process for requesting reasonable accommodations" or "specific frustrations" about his failure to be adequately accommodated are not sufficient to plausibly allege a disability. *Claiborne v. Youngman*, No. 3:19-CV-113, 2020 WL 863977, at *6 (E.D. Va. Feb. 21, 2020). As such, his disability discrimination claim must be dismissed.

### 2. Retaliation

Plaintiff also alleges he was retaliated against for requesting accommodations.[4] ECF 4 at 10. To state a claim for retaliation under the Rehabilitation Act, a plaintiff must allege (1) that he engaged in protected conduct; (2) suffered an adverse action; and (3) that a causal link exists

---

[4] Plaintiff also appears to claim he suffered retaliation as a result of his providing a negative statement on a survey of his commander. *See* ECF 4 at 6. Such a generic allegation regarding a complaint does not plausibly allege protected activity. *Conyers v. Virginia Hous. Dev. Auth.*, 927 F. Supp. 2d 285, 295 (E.D. Va.), *aff'd*, 533 F. App'x 342 (4th Cir. 2013) ("[T]he employee must complain about activity that constitutes unlawful discrimination … rather than about unfair treatment generally.").

between the protected conduct and the adverse action. *Hooven–Lewis v. Caldera*, 249 F.3d 259, 272 (4th Cir. 2001). However, Plaintiff fails to allege any retaliation causally linked to his request for accommodation. Plaintiff lists a number of alleged protected activities that he engaged in, however, he does not list his actual request for accommodation as a basis for his retaliation claim. ECF 4 at 6-8. Further, most of the alleged adverse actions Plaintiff claims are evidence of retaliation occurred before Plaintiff requested a reasonable accommodation. Plaintiff did not request a reasonable accommodation until November 2, 2021; therefore, any alleged adverse employment actions occurring before this time cannot be in retaliation for Plaintiff's reasonable accommodation request. *See* ECF 4-15; ECF 4 at 6-8. Plaintiff therefore fails to plausibly connect any retaliatory actions to his request for reasonable accommodation, and this claim must be dismissed.

      **B.**      **FMLA Claims.**

The statute of limitations under the FMLA provides that a claimant must bring an action under the act "no later than 2 years after the date of the last event constituting the alleged violation," however, that limitation is extended to three years if the violation was "willful." *See* 29 U.S.C. § 2617(c)(1-2).

As alleged by Plaintiff, the relevant time frame for his FMLA claims is from May 2021 to August 2021. *See* ECF 4 at 7. It is during this time that Plaintiff alleges his supervisor failed to inform him of his FMLA rights and incorrectly coded his leave on his time sheets causing his benefits to be terminated, which Plaintiff claims interfered with his FMLA rights and was retaliation for requesting leave. *See id.* Even assuming Plaintiff plausibly alleged that the Defendants' violations were willful, the three-year statute of limitations ran in August 2024.

Plaintiff did not file his original Complaint in this case until September 30, 2024, after the three-year limitation had already expired. ECF 1.

Plaintiff's argument that the Navy's failure to issue a FAD in April 2024 was an act of discrimination or retaliation related to his FMLA request that delayed the start of the statute of limitations clock is unavailing. *See* ECF 18 at 16-21. First, any alleged improper processing of the Plaintiff's administrative complaint is not cognizable under employment discrimination statutes. *Bolden v. Ashcroft*, No. Civ. A. 03-1030, 2005 WL 1903567, at *2 (D.D.C. Jul. 15, 2005) ("Plaintiff's claims relating to the processing of his administrative claim before the EEOC must also be dismissed because plaintiff's dissatisfaction with the EEO administrative process does not provide the basis for either a separate EEO claim or a federal claim of discrimination.") (cleaned up). Second, the causal connection between Defendants' failure to issue a FAD in 2024 and the FMLA leave he took in 2021 is tenuous at best and does not evince retaliation for FMLA leave taken three years prior. Finally, Plaintiff's equitable tolling claim fails because the investigation of his EEO claims would not have prevented him from pursuing his FMLA claims. *Natal v. Arlington Cnty. Pub. Sch.*, No. 118CV1178AJTMSN, 2019 WL 2453659, at *6 (E.D. Va. Jun. 12, 2019) ("Exhaustion of remedies is not required with respect to Plaintiff's FMLA discrimination and/or interference claim in Count III."); *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 630 (D. Md. 2013), *aff'd*, 615 F. App'x 119 (4th Cir. 2015) ("Administrative exhaustion is not required to bring a FMLA suit[.]"). Plaintiff's FMLA claim for retaliation is therefore dismissed with prejudice.

    C.    **FTCA Claims.**

Defendants correctly assert that this Court does not have jurisdiction over Plaintiff's FTCA claims because he has failed to exhaust his administrative remedies before filing this suit. The FTCA represents a limited waiver of the federal government's sovereign immunity for certain

9

torts. *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Before filing any FTCA claims in federal court, Plaintiff must exhaust administrative remedies for the claims. The FTCA bars actions against the United States for money damages for injury or loss of property unless "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675. This exhaustion requirement is "jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (citing *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.), *cert. denied*, 429 U.S. 979 (1976)); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

"Standard Form 95 is the preferred method for a claimant to 'present' his FTCA claim to the appropriate Federal agency." *McManus v. Dep't of Homeland Sec.*, No. 122CV00346MSNTCB, 2022 WL 18635841, at *2 (E.D. Va. Jul. 13, 2022) (citing 28 C.F.R. § 14.2(a)). Defendants argue that there "is no record of Plaintiff ever having presented an administrative tort claim to either agency." ECF 15 at 17. Defendants attach two declarations in support of this contention. Defendants filed one declaration from Department of Labor counsel, and a second from an employee from the Department of the Navy's office of the judge advocate general, both of which explain that after a search of the respective agency databases, neither agency received a Standard From 95 or any equivalent from the Plaintiff. *See* ECF 15-1 at ¶ 3; ECF 15-2 at 1-2. Both employees submitted these declarations under penalty of perjury. *See* ECFs 15-1, 15-2.

Plaintiff has not provided any evidence or allegations suggesting he did file a Standard Form 95 or equivalent, instead claiming that the Defendants should be equitably estopped from

10

raising this defense. This argument fails because Plaintiff does not provide facts plausibly alleging affirmative conduct by the Defendants to mislead or deceive the plaintiff regarding any potential FTCA claim. *See* ECF 4. As such, the Court rejects this argument. *Doe v. Brennan*, 980 F. Supp. 2d 730, 738 (E.D. Va. 2013), *aff'd*, 584 F. App'x 166 (4th Cir. 2014) ("Estoppel requires *affirmative misconduct* intended to mislead or deceive a plaintiff. … Courts have held that equitable estoppel should be applied sparingly and very cautiously against the government where there is a statutorily created deadline.") (citations omitted, emphasis in original); *Monk v. Stuart M. Perry, Inc.*, No. CIV. A. 5:01CV00093, 2002 WL 31557668, at *2 (W.D. Va. Nov. 4, 2002) (finding plaintiff could not use equitable estoppel to excuse her failure to exhaust Title VII remedies because there was no evidence the Defendant affirmatively misled her).

Accordingly, the Court will dismiss plaintiff's FTCA claim for lack of jurisdiction.

## IV.   CONCLUSION

For the forgoing reasons it is hereby

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF 14) is **GRANTED**; it is further

**ORDERED** that all claims against the Defendants are **DISMISSED**.

The Clerk is directed to close this civil action.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

June 16, 2025
Alexandria, Virginia