UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILLIE L. WILLIAMS, JR.<br>*Plaintiff,*<br><br>v.<br><br>CARLOS DEL TORO, *et al.*<br>*Defendants.* | No. 1:24-cv-1730-MSN-WEF |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e), ECF 22, and Plaintiff's Motion for Leave to Supplement the Record, ECF 25. Upon consideration of the pleadings and for the reasons set forth below, the Court will DENY both motions.

**I.     BACKGROUND**

**A.     Procedural**

On September 30, 2024, Plaintiff initiated this case by filing a complaint. ECF 1. That same day, Plaintiff filed an amended complaint. ECF 4. On December 10, 2024, the Court granted Defendants' consent motion for extension of time to respond to the complaint. ECF 13. Thereafter, on December 23, 2024, Defendants filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. ECFs 14, 15. Plaintiff opposed the motion to dismiss on January 8, 2025. ECFs 17, 18. On January 17, 2025, Defendants' filed a notice with the Court informing it that Defendants would not be filing any reply in support of their motion. ECF 19. On June 16, 2025, this Court granted the Defendants' motion to dismiss. ECF 21. On June 26, 2025, Plaintiff filed a motion to alter or amend the Court's June 16 order under Federal Rule

of Civil Procedure ("Rule") 59(e). ECF 22. On June 11, 2024, Defendants opposed that motion. ECF 23. On June 16, 2025, Plaintiff filed a reply in support of his motion to alter or amend. ECF 24. Finally, on June 24, 2025, Plaintiff filed a motion for leave to supplement the record. ECFs 25, 26.

### B. Factual Background

The factual circumstances alleged in Plaintiff's Amended Complaint are discussed at length in this Court's June 16 order. *See* ECF 21 at 2-4. The Court adopts and incorporates that statement of facts here.

In his motion to alter or amend this Court's June 16 order granting the Defendants' motion to dismiss, Plaintiff argues that the Court "overlook[ed] material facts and controlling legal standards that, if not corrected, would result in manifest injustice." ECF 22 at 2. Plaintiff alleges the Court overlooked the following allegations: (1) the "falsification of the Plaintiff's Department of Labor CA-1 form," (2) the Navy's failure to cooperate with the EEO investigator, (3) the conflict of interest of EEO Counselor Travis Reynolds, (4) the agency's failure to issue a final agency decision, and (5) various false statements made by Mr. Speaks. *See generally* ECF 22. Plaintiff also filed a motion to supplement the record, seeking to have the Court consider Plaintiff's motion for summary judgment filed before the Equal Employment Opportunity Commission when ruling on his Rule 59(e) motion. *See generally* ECFs 25, 26.

Defendants argue that Plaintiff offers no adequate basis for altering the Court's June 16 order because the Court considered these facts in its June 16 order and the Plaintiff merely disagrees with the Court's order. *See generally* ECF 23.

## II. LEGAL STANDARD

Petitioner filed his motion pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Terry*, No. 4:18-CR-00012, 2024 WL 1075498, at *3 (W.D. Va. Mar. 12, 2024). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three (3) grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments ... that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted). "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must ... strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, No. 92-2355, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)). More simply put, the Court's prior judgment must be "dead wrong." *Id.* The burden is on the moving party "to show an alteration or amendment to the judgment is necessary to correct a clear error of law or to prevent a manifest injustice." *HealthKeepers, Inc. v. Richmond Ambulance Auth.*, No. 3:09-cv-160, 2011 WL 4899907, at *3 (E.D. Va. Oct. 14, 2011).

### III.   ANALYSIS

Plaintiff argues reconsideration is necessary to "prevent manifest injustice," but in actuality, Plaintiff's motion seeks to merely relitigate arguments made in his opposition to the Defendants' motion to dismiss. All five categories of information listed by Plaintiff were included in Plaintiff's Amended Complaint, argued by Plaintiff in his opposition, and considered by this Court. Plaintiff now essentially asks the Court to "rethink what the Court had already thought through." *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). That is not a legitimate basis to reconsider the June 16 Order. *See Brown v. Haines*, No. 1:23-CV-00221 (MSN/IDD), 2024 WL 3540473, at *3 (E.D. Va. June 10, 2024), *aff'd*, No. 24-1689, 2024 WL 5200154 (4th Cir. Dec. 23, 2024) ("Brown clearly seeks to relitigate an issue previously raised before the Court and thus, this argument also fails to persuade the Court to reconsider its March 27 Order"). Although it is clear Plaintiff disagrees with the Court's decision to dismiss this action, the Court finds that he has not established that the Court's decision constituted "a clear error of law" or resulted in "manifest injustice" that requires correction. Accordingly, Plaintiff's Rule 59(e) motion is DENIED.

The Court will also deny Plaintiff's motion for leave to supplement the record (ECF 25). To the extent that Plaintiff's motion for summary judgment filed before the EEOC merely repeats arguments made by Plaintiff in his opposition to the motion to dismiss and in his motion for reconsideration, it is not helpful. Similarly, to the extent the motion contains any new arguments, "Rule 59(e) motions may not be used ... to raise arguments which could have been raised prior to the issuance of the judgment[.]" *Beg v. Mayorkas*, No. 122CV1224PTGJFA, 2023 WL 8622288, at *1 (E.D. Va. Nov. 2, 2023), *aff'd*, No. 23-2261, 2024 WL 773595 (4th Cir. Feb. 26, 2024) (citation omitted). Accordingly, Plaintiff's motion for leave to supplement the record is DENIED.

4

## IV. CONCLUSION

For the forgoing reasons it is hereby

**ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) (ECF 22) is **DENIED**; it is further

**ORDERED** that Plaintiff's Motion for Leave to Supplement the Record (ECF 25) is **DENIED**.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

December 10, 2025
Alexandria, Virginia